ALLA TENINA, ESQ., BAR NO. 224767
TENINA LAW, INC.
6350 Laurel Canyon Bl., Ste. 307
North Hollywood, CA 91606
Telephone: (213) 596-0265
Facsimile: (818) 301-2046

Attorney for Joint Debtor
Jennifer Lorenzana Willis

**FILED & ENTERED**

**AUG 25 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>*Jason Scott Willis* & Jennifer Lorenzana Willis,<br><br>    Debtor*s*. | Case No. 2:12-bk-25173-NB<br><br>Chapter 13<br><br>**ORDER ON MOTION OF JOINT DEBTOR TO BIFURCATE CASE FROM DEBTOR**<br><br>~~(No Hearing Required)~~<br><br>*Date:    9/17/15*<br>*Time:    8:30 a.m.*<br>***Courtroom: 1545***<br>***Location:    255 E. Temple St.***<br>***            Los Angeles, CA 90012*** |

Having reviewed Join*t* Debtor, Jennifer Lorenzana Willis's, Motion To Bifurcate Chapter 13 Case from Debtor, *(dkt. 39, the "Motion")* and good cause appearing therefore, it is hereby:

ORDERED:

That *a hearing on the Motion shall be held at the **ABOVE-CAPTIONED TIME AND PLACE**; and it is* ~~Joint Debtor's Chapter 13 case has been bifurcated and shall be allowed to~~

Order to Bifurcate - 1

~~proceed with her Chapter 7 case upon approval of her motion to convert her Chapter 13 case into a Chapter 7 case~~.

    *FURTHER ORDERED no later than **September 3, 2015** Ms. Willis must file a supplemental memorandum of no more than 10 pages in support of the Motion (and, if appropriate, an amended motion) addressing the issues raised herein, and providing notice that any opposition papers must be filed and served no later than **September 10, 2015**, with any reply permitted orally at the hearing; and it is*

    *FURTHER ORDERED that no later than **September 3, 2015** Ms. Willis must serve on <u>all parties in interest</u> (1) a copy of the Motion (or an amended motion), (2) a copy of this order, (3) the supplemental memorandum, and (4) a copy of the bankruptcy schedules that Ms. Willis intends to utilize in her chapter 7 case (were the Motion to be granted); and it is*

    *FURTHER ORDERED that the supplemental memorandum must address the following issues: the Motion seeks to "bifurcate" Ms. Willis's chapter 13 case from that of her ex-husband so that she may proceed to convert her case to chapter 7 and obtain an immediate discharge of her debts.  The only authority cited by Ms. Willis in her motion and memorandum in support is 11 U.S.C. § 109(a), which provides merely that "[n]otwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title."  This court's independent review of the statutory framework and relevant case law raises questions as to whether the debtor in fact may obtain the relief requested in the Motion.*

    *For administrative convenience 11 U.S.C. § 302(a) ("Section 302") permits a married couple to file a joint petition.  See* In re Estrada*, 224 B.R. 132, 135 (Bankr. S.D. Cal. 1998) ("[s]ection 302 is designed for ease of administration and to permit the payment of one filing*

Main Document    Page 3 of 5

*fee"). But the joint petition creates two separate bankruptcy estates, and Section 302(b) authorizes the court to determine the extent, if any, to which the joint debtors' estates shall be consolidated. See In re Ageton, 14 B.R. 833, 835 (9th Cir. BAP 1981). Thus Section 302 does not automatically "consolidate" the two bankruptcy estates when a joint petition is filed.*

*Oddly enough, there is no statutory provision expressly permitting severance of a jointly filed petition. Nevertheless, at least one court has held that joint chapter 13 debtors could bifurcate their cases to permit one of the joint debtors to dismiss (or presumably convert) their case:* In re Fernandes, *346 B.R. 521 (Bankr. Nev. 2006). In* Fernandes, *the court observed that there was case law in the chapter 11 and chapter 7 context indicating that joint cases under those chapters could <u>not</u> be severed once joined.* Fernandes, *346 B.R. at 521.* Fernandes *distinguished efforts to bifurcate joint chapter 13 cases from this preexisting authority on two grounds: (1) that Section 302 did not automatically consolidate the estates and (2) that chapter 13 debtors enjoy an essentially absolute right to dismiss their case.* Fernandes, *346 B.R. at 523.*

*As to the first element underpinning the reasoning in* Fernandes, *the instant case appears distinguishable. While it is correct that Section 302 does not automatically consolidate jointly filed cases, Local Bankruptcy Rule 1015-1(a) provides that "[a] joint case commenced for spouses by the filing of a single petition under 11 U.S.C. § 302(a) will be deemed substantively consolidated unless the court orders otherwise." Thus, the default rule under Local Rules is that the joint cases are substantively consolidated, and the Motion does not direct this court to where it has "order[ed] otherwise."*

*As to the second element to the* Fernandes *court's reasoning, it may be that a debtor's absolute right to dismiss a chapter 13 case includes within it the right of a chapter 13 debtor to sever her case from that of a joint debtor and dismiss (or, presumably, convert) the case. But it*

Order to Bifurcate - 3

Main Document    Page 4 of 5

*could also be that, once the estates are consolidated, an absolute right to dismiss only entitles either chapter 13 debtor to exercise his or her right to dismiss the consolidated cases, leaving either debtor to re-file as he or she may wish. This latter interpretation could work an exceptional hardship on the joint debtor that wishes to remain in chapter 13: the instant case is over three years into a confirmed chapter 13 plan. But the Motion does not address these issues, or how the debtors intend to extricate their assets and obligations were the Motion granted.*

*On a related note, this court is also concerned that the debtors' division of assets and liabilities in a dissolution proceeding (as the Motion suggests may have already been arranged) and then the severance of the two cases, with one debtor seeking an immediate chapter 7 discharge and the other debtor pursuing a chapter 13 plan could, in theory, be arranged in such a way as to maximize the assets retained and divided amongst the debtors and minimize the recovery available to creditors. Again, while the Motion suggests that the parties have already agreed to a division of estate assets and liabilities, the Motion does not address how that division followed by the proposed bifurcation and conversion would impact creditors. The supplemental brief and/or amended motion must address these issues. As provided above, attached to the supplemental papers must be a copy of the schedules the Joint Debtor proposes to utilize in her chapter 7 case.*

*The tentative ruling is that, if the proposed division of assets and liabilities is fair and equitable then the bifurcation will be permitted, because forcing divorcing spouses to maintain a joint case would impose an undue hardship on them, and ultimately might negatively impact their ability to get on with their lives and maximize creditors' recoveries. It may be appropriate, however, to make the bifurcation subject to any action that a future chapter 7 trustee or other*

*party in interest might bring for avoidance of any transfers among the debtors, as an avoidable transfer or otherwise.  See, e.g., Mejia v. Reed, 31 Cal.4th 657 (2003).*

      *While the Joint Debtor has filed a declaration re: non-opposition to the motion (dkt. 40), the proof of service attached to the motion (dkt. 39 at 6) indicates that only creditors eligible to receive electronic notices would have seen the motion and had any meaningful opportunity to object.  Therefore, this order provides above that the supplemental papers must also be served on all parties-in-interest.*

###

Date: August 25, 2015

Neil W. Bason
United States Bankruptcy Judge

Order to Bifurcate - 5